acts prior to the Revenue Act of 1916. Therefore it seems to me the act is complete.

The decision is now confirmed by the Board and the appeal dismissed in accordance therewith.

---

## Appeal of S. & G. HOTEL SUPPLY CO.  Docket No. 175.

Appeal dismissed for want of prosecution under the provisions of rule 18.

Submitted November 10, 1924; decided December 18, 1924.

M. S. Lobenthal, C. P. A., for the taxpayer.

A. H. Fast, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before KORNER and MARQUETTE.

MARQUETTE: The taxpayer has appealed from the determination of the commissioner proposing to assess a deficiency in the tax for the years 1919 and 1920 amounting to $3,312.19. The petition assigns as error the failure of the Commissioner to compute the tax for the years in question under the provisions of sections 327 and 328 of the Revenue Act of 1921 (sic) and for facts alleges that the tax as determined without the benefit of those sections would, owing to abnormal conditions affecting the capital and income, work upon the taxpayer a special hardship evidenced by gross disproportion between the tax computed without the benefit of said sections and the tax computed by reference to representative corporations. No other facts are alleged and issue was joined on the above allegation. The taxpayer and its counsel failed to appear at the hearing or to submit any evidence to substantiate the allegations of the petition. The Commissioner has moved to dismiss for want of prosecution.

In the circumstances the Board has nothing before it upon which to predicate any action with respect to the merits of the appeal, and the motion to dismiss must be granted under the provisions of rule 18 of the rules of practice. The appeal is therefore dismissed for want of prosecution.

---

## Appeal of PAUL BROWN.  Docket No. 252.

Submitted December 3, 1924; decided December 18, 1924.

Mr. Paul Brown, the taxpayer, in pro. per.

W. Frank Gibbs, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

The taxpayer's income tax return for 1920 shows that in that year he was a married man with four children. In computing his tax

61359°—26——14

he took credit for a personal exemption of $3,300. The Commissioner reduced this credit to $2,800, and accordingly found a deficiency in tax of $20, as set forth in his deficiency letter mailed August 18, 1924. The taxpayer appealed from this determination by a petition filed October 13, 1924.

### DECISION.

The determination of the Commissioner is approved. (Revenue Act of 1918; section 216(c)(d).)

---

### Appeal of PRODUCERS FUEL CO.          Docket No. 159.

A liability to respond in damages for the breach of a contract occurring in the regular course of the taxpayer's business is a liability incurred at the time of the breach, and an approximately accurate estimate of such damages, set up on the taxpayer's books as a reserve to meet such damages, may be properly claimed as a deduction from gross income for the taxable year within which the breach occurred, although the exact amount required to liquidate such damages may not be determined until a later period.

When, however, a taxpayer's return is under review by this Board, the amount of a deduction on account of a breach of contract must be considered in the light of subsequent events, and when such subsequent events show that the actual damages, as finally liquidated, differ from the reserve originally set up and claimed, the final figure of damages will be substituted for the reserve in the Board's determination of a taxpayer's liability to income and profits taxes.

Upon an application for special relief under the provisions of sections 327-328 of the Revenue Act of 1918, decision is reserved pending consideration and determination of the Commissioner.

Submitted October 31, 1924; decided December 18, 1924.

*G. M. Cumming, Esq.*, and *James Walton, Esq.*, for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal was argued upon the petition and answer and a stipulated statement of facts, to which were appended copies of two contracts between the taxpayer and coal mining companies, from which the Board deduces the following:

### FINDINGS OF FACT.

In the latter part of the year 1920 the taxpayer held two certain contracts with Campbell, Peacock & Kinzer, Inc., Philadelphia, Pa., and the Monongahela Powder Co., of Fairmont, W. V., respectively. These contracts, in substance, provided for the purchase by the taxpayer of large quantities of coal at stated prices, which contracts the taxpayer in December, 1920, breached. Negotiations were entered into between the respective parties with a view to arriving at a settlement of taxpayer's liability and these negotiations culminated in the taxpayer, through J. K. Barber, its president, in the